**Tejal Shah**
**Liora Sukhatme**
**Todd D. Brody**
**Rhonda L. Jung**
**Laurel S. Fensterstock**
**Attorneys for Applicant**
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
100 Pearl St., Suite 20-100
New York, New York 10004
(212) 336-00080 (Brody)
E-mail: brodyt@sec.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                    Applicant,         :    25-MISC-139
      - against -                      :
                                       :    ECF CASE
JOHN W. KRAFT AND JOHN KNIGHT          :
                                       :
                    Respondents.       :
-------------------------------------------------------------------x

### SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND FOR AN ORDER REQUIRING COMPLIANCE WITH SUBPOENAS

The Securities and Exchange Commission ("Commission"), by its undersigned counsel, respectfully submits this Application for an Order to Show Cause and for an Order Requiring Compliance with Subpoenas ("Application"), together with a proposed order to show cause, the supporting memorandum of law, and the Declaration of Laurel S. Fensterstock dated March 28, 2025 and the exhibits thereto based on the following:

1.      Respondents John W. Kraft ("Kraft") and John Knight ("Knight") have each refused to comply with Commission investigative subpoenas that lawfully were issued in the Commission's investigation titled *In the Matter of PIP High Yield Initiative* (Internal File No. NY-10922) ("Phan Rang Investigation").

2. On October 23, 2024, the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony ("Formal Order") in the Phan Rang Investigation under Section 20 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t] and Section 21(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(a)].

3. Pursuant to the Formal Order, the Commission is investigating, among other things, whether Phan Rang LLC, its officers, directors, employees, partners, subsidiaries and/or affiliates, and/or other persons violated the anti-fraud provisions of the Securities Act and the Exchange Act by making untrue statements of material fact in connection with the purchase or sale of securities.

4. The Formal Order designates certain individuals as officers of the Commission empowered to subpoena witnesses, to take evidence, and to require the production of any records deemed relevant or material to the investigation, under Section 19(c) of the Securities Act [15 U.S.C. § 77s(c)] and Section 21(b) of the Exchange Act [15 U.S.C. § 78u(b)].

## THE SUBPOENA TO JOHN W. KRAFT

5. On October 25, 2024, one of the designated Commission officers reached out to Kraft via telephone and electronic mail to discuss the issuance of a subpoena in the Phan Rang Investigation. Kraft agreed to accept service of the subpoena via electronic mail.

6. On October 28, 2024, one of the designated Commission officers issued an investigative subpoena to Kraft to produce documents and to provide sworn testimony in the Phan Rang Investigation ("Kraft Subpoena"). The Commission served the subpoena on Kraft by electronic mail, as agreed, and also by United Parcel Service next day air at his home address. The Kraft Subpoena required Kraft to produce responsive documents by November 11, 2024 and to testify on December 17, 2024.

7. On November 10, 2024, Kraft sent electronic mail to one of the designated Commission officers, objecting to the Kraft Subpoena on the grounds of relevance. Specifically,

Kraft wrote: "I have not ever been and am not now in any way responsible for the management or activities of Phan Rang LLC, or its former or current management and responsible parties. And I have never been and am currently not knowingly responsible for any business relationships of or on behalf of Phan Rang LLC or its managers or responsible parties, including those which may relate to the 'PIP' you described. For the same reasons I object to the request for testimony."

8. In November 2024, Kraft and the Commission officers had numerous communications via telephone and electronic mail concerning the Kraft Subpoena. As example, on November, 13, 2024, the Commission officers spoke with Kraft concerning several of the requests in the Kraft Subpoena and reminded Kraft of his obligation to comply, including to appear for testimony. In response to electronic mail memorializing this conversation, Kraft responded that he has "given a good response to [the] subpoena."

9. Kraft has not provided any documents in response to the Kraft Subpoena and has not appeared for testimony.

## THE SUBPOENA TO JOHN KNIGHT

10. On December 18, 2024, one of the designated Commission officers issued an investigative subpoena to Knight to produce documents and to provide sworn testimony in the Phan Rang Investigation ("Knight Subpoena"). The Knight subpoena required Knight to produce responsive documents by January 8, 2025 and to testify on February 4, 2025.

11. On December 23, 2024, a process server personally served the Subpoena on Knight at his home address in Chesapeake, Virginia.

12. On January 17, 2025, the Commission sent Knight an electronic mail requesting that he advise as to whether he intended to produce documents or seek an extension of time by which to comply with the subpoena. Neither Knight nor anyone acting on his behalf responded to the Commission.

13. Knight has not provided any documents in response to the Knight Subpoena and has not appeared for testimony.

14. The Commission therefore submits this Application for an Order to Show Cause, in the form attached, requiring Kraft and Knight to show cause why they should not be ordered to comply with the subpoenas by producing all responsive documents to the Commission at its New York Regional Office, 100 Pearl St., Suite 20-100, New York 10004.

15. The Commission further requests that, after a hearing, the Court enter an Order requiring Kraft and Knight to comply with the Subpoena within twenty (20) days.

16. The Court has jurisdiction over this matter and venue properly lies within the Southern District of New York, pursuant to Section 22(b) of the Securities Act [15 U.S.C. § 77v(b)] and Section 21(c) of the Exchange Act [15 U.S.C. § 78u(c)].

WHEREFORE, the Commission respectfully requests:

**I.**

That the Court enter an Order to Show Cause, directing Kraft and Knight to show cause why this Court should not enter an Order requiring them to produce all documents responsive to the subpoenas that were respectively issued to each of them and to appear for testimony.

**II.**

That the Court enter an Order requiring Kraft and Knight to comply fully with the Subpoena and produce responsive documents to the subpoenas that were respectively issued to each of them within twenty (20) days.

**III.**

That the Court enter an Order requiring Kraft and Knight to appear for testimony within thirty (30) days of producing responsive documents to the subpoenas that were respectively issued to each of them.

**IV.**

That the Court order such other and further relief as may be necessary and appropriate to achieve compliance with the subpoena within the time period set forth in the proposed Order to Show Cause.

Dated: March 28, 2025
       New York, New York

                       SECURITIES AND EXCHANGE COMMISSION

By:     /s/ Todd D. Brody
       Todd D. Brody
       Tejal Shah
       Liora Sukhatme
       Rhonda L. Jung
       Laurel S. Fensterstock
       Attorneys for Applicant
       SECURITIES AND EXCHANGE COMMISSION
       New York Regional Office
       100 Pearl St., Suite 20-100
       New York, New York 10004
       (212) 336-00080 (Brody)
       E-mail: brodyt@sec.gov